UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:12-CV-9-F

| | |
|---|---|
| ANDREW ENNIS, JOSEPH KNIGHT, ROBERT BOOTH, and DAVID SHANE ALLEN, <br>           Plaintiffs, <br><br> v. <br><br> TOWN OF KILL DEVIL HILLS; GARY L. BRITT, Individually and in his Official Capacity as Police Chief for the Town of Kill Devil Hills; DEBRA DIAZ, Individually and in her Official Capacity as Town Manager; SHAWN MURPHY, Individually and in his Official Capacity as Assistant Town Manager and Human Resource Officer, <br>           Defendants. | **O R D E R** |

This matter is before the court on numerous motions: the Motions to Seal [DE-14, DE-16, DE-20] and Motion for Partial Judgment on the Pleadings [DE-18] filed by Defendants Town of Kill Devil Hills, Gary L. Britt, in his official capacity as Police Chief for the Town of Kill Devil Hills, Debra Diaz, in her official capacity as Town Manager, and Shawn Murphy, in his official capacity as Assistant Town Manager and Human Resource Officer (collectively, the "Town Defendants"); the Motion to Remand [DE-8] and Request for Voluntary Dismissal [DE-34] filed by Plaintiffs Andrew Ennis, Joseph Knight, Robert Booth, and David Shane Allen (collectively, "Plaintiffs"); and the Motion to Strike [DE-23] and Motion to Dismiss for Failure to State a Claim [DE-25] filed by Britt, in his individual capacity.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are current and former employees of the Town of Kill Devil Hills police department, and initiated this action by filing a complaint in the North Carolina General Court of Justice, Superior Court Division, Dare County on February 10, 2012. In the original complaint, Plaintiffs alleged seventeen causes of action, including three claims arising under federal law.[1] The Town Defendants immediately filed, with Britt's consent, a Notice of Removal [DE-1.1] in this court on February 16, 2012, on the basis of federal question and supplemental jurisdiction.

Plaintiffs, on February 29, 2012, filed a Motion to Remand [DE-8]. Plaintiffs' rationale for their request to remand this action was the North Carolina court "is authorized and is capable of adjudicating and providing remedies to Plaintiffs on all claims asserted by Plaintiffs in this action," including the federal claims. Mot. to Remand [DE-8] at p.1. Plaintiffs did not attack the removal procedurally or substantively. Three days later, on March 2, 2012, Plaintiffs filed an Amended Complaint [DE-13], as a matter of course under Federal Rule of Civil Procedure 15(a)(1), which continued to assert the federal claims included in the original complaint.

The Town Defendants filed their Answer [DE-17] and Motion for Partial Judgment on the Pleadings [DE-18] on March 7, 2012. Britt, in his individual capacity, filed his Answer [DE-27] on March 13, 2012, along with the Partial Motion to Dismiss for Failure to State a Claim [DE-25], the Motion to Strike [DE-23] certain paragraphs in the Prayer for Relief in the Plaintiffs' Amended Complaint, and a Response [DE-28] in opposition to Plaintiffs' Motion to Remand. On March 15, 2012, the Town Defendants filed their opposition [DE-31] to the Motion

---

[1] Plaintiffs' federal claims are denominated in the original complaint as "Violation of the United States Constitution First Amendment-freedom of Speech;" "Violation of the united States Constitution Fourteenth Amendment-due process;" and "Violation of 42 USCS 1983." Original Complaint [DE-1.2] (capitalization in original).

2

to Remand. In their responses in opposition to the Motion to Remand, the Town Defendants and Britt all correctly note that the existence of concurrent jurisdiction, in and of itself, is not sufficient to justify remanding the action.

During this same time period, Plaintiffs filed a Motion to Expedite Discovery [DE-29] seeking an order allowing them to take a deposition of a witness and issue a subpoena duces tecum prior to the parties' Rule 26(f) conference. Later-filed motions to quash indicate that Plaintiffs already had attempted to engage in the requested discovery prior to filing the Motion to Expedite Discovery. The parties apparently reached an agreement on the discovery dispute, because Plaintiffs withdrew the Motion to Expedite Discovery and the various Defendants and witness withdrew their motions to quash.

Plaintiffs also filed, on March 14, 2012, the "Request For Voluntary Dismissal of Plaintiffs' 11th, 12th, 17th Claims for Relief" [DE-34]. Therein, Plaintiffs purport to move pursuant to Rule 41(a)(2) to voluntarily dismiss their federal claims, without prejudice. Although Plaintiffs filed a memorandum in support of the motion, they give no express reason in the memorandum why they wish to dismiss the federal claims. It is apparent, however, from their later-filed responses to the motions to dismiss that Plaintiffs want the court to allow them to dismiss the federal claims, decline to assert jurisdiction over the remaining state-law claims, and remand the matter back to state court. *See* Mem. in Opp. to Defs.' Mot. for Partial J. on the Pleadings [DE-45] at p. 7 ("[T]he Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because the Plaintiffs wish to litigate their claims in state court and the Defendants will not otherwise be prejudiced by it."). Nevertheless, Plaintiffs do not concede the viability of their federal claims in response to the motions to dismiss.

All of the aforementioned motions have been fully briefed, or the time for filing a

3

response or reply has expired. The motions are, therefore, ripe for ruling.

## II. DISCUSSION

At the outset, the court agrees with Defendants that Plaintiffs' request for dismissal of the federal claims properly is viewed as a motion to amend the complaint under Rule 15, rather than a motion to voluntarily dismiss claims under Rule 41(a)(2). *See Skinner v. First Am. Bank of Virginia*, 64 F.3d 659, 1995 WL 507264 at *2 (4th Cir. Aug. 28, 1995)(per curiam)(unpublished)("Because Rule 41 provides for the dismissal of *actions* rather than *claims*, Rule 15 is technically the proper vehicle to accomplish a partial dismissal."). *See also Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010); CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 2362 (3d ed. 2008). Ordinarily, under Rule 15(a) leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In the typical case, although the decision to grant leave is well within a district court's discretion, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

This, however, is not the typical case. Plaintiffs' implicit reason–made explicit by their later filings–for wanting to amend the complaint and dismiss their federal claims is to persuade this court to decline to exercise supplemental jurisdiction over the remaining state law claims, and remand the action to state court. Under 28 U.S.C. § 1367(c), if the court allows Plaintiffs to drop their federal claims, the court may remand the rest of the action, or may retain jurisdiction over the remaining state-law claims. *Id.* § 1367(c)(3). In exercising its discretion in making the decision to remand, a court must consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine*

4

*Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Ordinarily, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 728. Nevertheless, the court should take into account whether Plaintiffs "have attempted to manipulate the forum." *Cohill*, 484 U.S. at 357.

Some courts, when faced with similar procedural histories, have determined that Rule 15(a) and § 1467(c) cannot be used by plaintiffs to attempt to return a case to state court, and will refuse to remand the action. *See, e.g., Payne v. Parkchester,* 134 F.Supp.2d 582, 584 (S.D.N.Y. 2001)(collecting cases). These courts maintain that a plaintiff cannot intentionally engage in forum manipulation because of "time and resource conservation, Congressional intent, and a sense of fair play." *Id.* (collecting cases). Other courts, however, view a plaintiff's decision to dismiss federal claims as a "legitimate tactical decision." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Most of these courts view a plaintiff's attempted manipulation as just one of the factors to be weighed when deciding to allow a plaintiff to amend a complaint and/or to remand an action. *See Kimsey v. Snap-On Tools,* 752 F.Supp. 693, 694 (W.D.N.C. 1990). *See also Baddie,* 64 F.3d at 490 n.3 (noting that nothing was reprehensible about dismissing a federal claim in order to pursue remand of an action in the absence of a reason to believe "plaintiffs' initial inclusion of the union defendants and federal claims was in bad faith or for the sole purpose of putting defendants through the removal-remand procedure"). This court agrees with the latter view, and concludes that the fact that Plaintiffs seek to dismiss only their federal claims does not, in and of itself, warrant denying their request to amend the complaint and remand this action to state court.

Having considered the relevant factors under Rule 15(a) and § 1447(c), this court allows Plaintiffs' motion to amend the complaint to omit their federal claims and also declines to

5

exercise supplemental jurisdiction over the remaining state law claims. With regard to Plaintiffs' request to dismiss their federal claims, there can be no dispute that Plaintiffs' only motivation is to get back into state court; nevertheless, the court does not find evidence of bad faith on Plaintiffs' part or that Plaintiffs' inclusion of federal claims in the original Complaint was for the sole purpose of putting Defendants through the removal-remand procedure. Nor does the court find that Plaintiffs' failure to omit the federal claims when they filed the Amended Complaint as a matter of right to be evidence of bad faith. Rather, the Motion to Remand–filed three days before the Amended Complaint–demonstrates a fundamental lack of understanding of federal procedure and caselaw concerning removal of actions and the proper bases for remand. Two days after Britt filed his memorandum in opposition to the Motion to Remand, and presumably educated Plaintiffs on well-settled and controlling law, Plaintiffs moved to dismiss the federal claims. Accordingly, although Plaintiffs may not have acted "immediately" upon removal, there was no substantial delay in their actions. *Cf. Payne*, 134 F. Supp.2d at 587 (noting that plaintiffs waited over seven months to move to dismiss federal claims and file for remand).

The court also recognizes that Plaintiffs have attempted to engage in discovery in this action, and that Defendants have filed partial motions to dismiss and judgment on the pleadings. Defendants would have expended work on these matters, however, whether the case was in federal or state court. Although Defendants did have to respond to the original Motion to Remand, the court does not find that this effort results in such prejudice as to justify denying Plaintiffs' request to dismiss the federal claims. The bulk of Defendants' effort expended in this action will be applicable in state court. *See Gold Leaf Land Trust v. Bd. of Supervisors of Albemarle County, Virginia*, No. Civ.A. 301CV00047, 2002 WL 982375 at *7 (W.D.Va. May

14, 2002)(rejecting defendant's argument that it would be unduly prejudiced by an amendment of the complaint and remand due to substantial legal expenses already incurred in the case because the discovery material, briefs, and dispositive motions filed in federal court were equally applicable to the state proceedings). Finally, given the relatively early stage of this litigation, the court finds that the interests of comity are best served by allowing the state courts to rule on Defendants' challenges to Plaintiffs' state law claims.

Accordingly, for the foregoing reasons, Plaintiffs' Request for Voluntary Dismissal [DE-34], which this court construes as a motion to file an amended complaint, is ALLOWED and the federal claims are DISMISSED. Additionally, for the reasons stated in this order, the court declines to exercise supplemental jurisdiction over the remaining state law claims, and this action is REMANDED to the North Carolina General Court of Justice, Superior Court Division, Dare County. The Motions to Seal [DE-14, DE-16, DE-20] are also ALLOWED.[2]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Request for Voluntary Dismissal [DE-34], which this court construes as a motion to file an amended complaint, is ALLOWED, and the federal claims are DISMISSED. The Motions to Seal [DE-14, DE-16, DE-20] are ALLOWED, and the Clerk of Court is DIRECTED to maintain the documents at Entries 12, 15 and 19 under SEAL. The court declines to exercise supplemental jurisdiction over the state law claims, and ORDERS

---

[2] The court has reservations whether N.C. Gen. Stat. § 160A-168 provides a sufficient interest to overcome the First Amendment right or common law right of access where, as here, Plaintiffs have made the substance of the protected personnel files central to the merits of some of their claims. The court is cognizant, however, of Defendants' desire to comply with the statutory non-disclosure provisions, and believes it best to seal the records in this court, and leave to the state court the issue whether the memorandum and exhibits need to remain sealed throughout the pendency of the litigation.

that that this case be REMANDED to the General Court of Justice, Superior Court Division, Dare County, North Carolina.

SO ORDERED.

This, the 27th day of April, 2012.

*/s/ James C. Fox*
JAMES C. FOX
Senior United States District Judge